IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


JEROME GORDON,

        Plaintiff,

v.

                                                  No. 17-cv-1302-DRH-DGW

MARY ROGERS, KIMBERLY
RICHARDSON, NANCY KNOPE, NURSE
BROCK, DR. ALBERTO BUTALID, and
JANA REUTER,

        Defendants.


**MEMORANDUM and ORDER**


**HERNDON, District Judge:**

## I. Introduction

Pending before the Court is an October 16, 2018 Report and Recommendation ("the Report") issued by Magistrate Judge Donald G. Wilkerson. (Doc. 62). Judge Wilkerson recommends that the Court grant in part Defendants' motion for summary judgment. (Doc. 30). The parties were allowed time to file objections to the Report and on November 5, 2018, Plaintiff filed an objection. (Doc.

63). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report in its entirety.

## II. Background

Plaintiff, an inmate who was incarcerated at the Pinckneyville Correctional Center, brought this *pro se* action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Plaintiff claims Defendants violated the Eighth Amendment of the United States Constitution by their deliberate indifference to Plaintiff's medical needs and the matter is currently proceeding on the following claims:

> Count 2: Eighth Amendment deliberate indifference claim against Nurse Richardson, for refusing to give Plaintiff medical attention on December 13-14, 2016;
>
> Count 3: Eighth Amendment deliberate indifference claim against Nurse Rogers, for removing Plaintiff's stitches prematurely on January 10, 2017;
>
> Count 5: Eighth Amendment deliberate indifference claim against Dr. Butalid, for failing to monitor Plaintiff's condition in a timely manner and continuing to treat Plaintiff with ineffective medications that worsened his condition;
>
> Count 7: Eighth Amendment deliberate indifference claim against Nurses Brock and Knope, for failing to treat or refer Plaintiff when the medications were not improving his infected wound; and,
>
> Count 8: Eighth Amendment deliberate indifference claim against Nurse Reuter, for failing to give Plaintiff his medication for a week in June 2017.

Defendants now seek summary judgment on Counts 2, 3, 5, 7, and 8 by asserting the affirmative defense of failure to exhaust administrative remedies. (Doc. 30). Plaintiff responded on June 11, 2018 (Doc. 33), and then a hearing pursuant to

*Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) was initially set for August 2, 2018, but cancelled due to a Court emergency. The hearing has not been reset because there are no factual issues in dispute that require resolution.

Pursuant to 28 U.S.C. 636(b)(1)(B), Judge Wilkerson submitted the Report on October 16, 2018. (Doc. 62). The Report recommends that the Court grant Defendants' motion for summary in part by: (1) dismissing without prejudice Count 2; (2) dismissing without prejudice Count 3; and, (3) proceeding on the matter reflected in Counts 5, 7, and 8. Parties were allowed to file objections to the Report, and on November 5, 2018, Plaintiff filed an objection. (Doc. 63).

### III. Applicable Law

**A. Summary Judgment**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*,

863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief

Administrative Officer —usually the Warden —within two months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.* An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

**B. Review of the Report**

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings

or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)

### IV.    Analysis

Defendants seek summary judgment for Plaintiff's failure to exhaust administrative remedies. In the Report, Judge Wilkerson found that Plaintiff failed to exhaust claims related to Counts 2 and 3, but properly exhausted claims related to Counts 5, 7, and 8. Plaintiff filed a specific written objection regarding Judge Wilkerson's finding that Plaintiff failed to exhaust his claim related to Count 3. Neither party objected to the findings related to the remaining counts. As such, the Court will make a *de novo* determination regarding Plaintiff's objection related to

Judge Wilkerson's finding related to Count 3. The Court will review the remaining unobjected portions of the Report for clear error.

**A. Review of Judge Wilkerson's finding regarding Counts 3.**

Under the grievance procedures set forth in the Illinois Administrative Code, a grievance must:

> Contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is subject or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not know, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(c) (effective April 1, 2017).

Judge Wilkerson correctly noted in the Report that "Plaintiff also did not exhaust as to his claim in Count 3, which concerns an event on January 10, 2017. This event occurred prior to beginning date of Plaintiff's grievance, April 2017." (Doc. 62, p. 5). Plaintiff's objection to the above finding relates to the merits of his claim and does not address the issue exhaustion. (Doc. 63).

The record clearly indicates that Plaintiff failed to exhaust as to his claim in Count 3 because the event complained of occurred prior to Plaintiff's April 2017 grievance. Therefore, after *de novo* review, the Court finds that Judge Wilkerson is correct in his recommendation that Count 3 be dismissed without prejudice.

**B. Review of the remaining counts.**

To date, neither party has filed objections to the remaining portions of the Report. Pursuant to 28 U.S.C. § 636(b), the Court need not conduct *de novo* review

of the unobjected portions. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). After reviewing the remaining portions for clear error, the Court finds that Judge Wilkerson is correct in his recommendations.

Accordingly, the Court **ADOPTS** the Report it its entirety. (Doc. 62). The Court **GRANTS IN PART** Defendants' motion for summary. Counts 2 and 3 are **DISMISSED WITHOUT PREJUDICE**. The matter will proceed on Counts 5, 7, and 8.

**IT IS SO ORDERED.**

Judge Herndon
2018.12.03 12:09:29
-06'00'

**United States District Judge**